IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NANCY LEWIS and LADY BROWN DOG
THE ENFORCER,

    Plaintiffs,

vs.                                                   Civ. No. 09-0305 WDS/RLP

BURGER KING,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

**THIS MATTER** comes before the Court on Plaintiff's Motion to Proceed *in forma pauperis* with a Financial Affidavit filed pursuant to 28 U.S.C. §1915 [Doc. 2]. Plaintiff Nancy Lewis ("Lewis") filed a Complaint for Civil Rights Violation ("Complaint"), alleging violations of the Americans with Disabilities Act of 1990 ("ADA") against Defendant Burger King. Lewis contends that on or about January 14, 2009 the Defendant ordered her and her dog out of their business premises. She contends that she is a disabled person and her dog is a service dog, but does not allege what her disability is, nor in what way her dog has been trained to assist her.

---

[1] Pursuant to 28 U.S.C. § 636(b)(1) the parties may serve and file written objections to this recommendation within ten (10) days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review. **Morales-Fernandez v. INS**, 418 F.3d 1116, 1119 (10th Cir. 2005).

To proceed *in forma pauperis*, without prepaying filing fees, a litigant must submit an affidavit showing that she "is unable to pay such fees...." 28 U.S.C. §1915(a)(1). The federal court reviews cases under §1915(e)(2) to determine whether "the allegation of poverty is untrue" as well as to determine whether the action "is frivolous or malicious,....fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." §1915(e)(2).  **Lister v. Dep't of Treasury**, 408 F.3d 1309, 1312 (10th Cir. 20 2005) ("[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." ).  Accordingly, federal courts now conduct a *sua sponte* review of a complaint pursuant to this section to determine if the complaint can withstand scrutiny under Fed.R.Civ.P. 12(b)(6).  Dismissal of a complaint is appropriate only if, accepting as true all facts alleged, Plaintiff has not plead enough facts to state a claim to relief that is plausible on its face. **Bell Atlantic Corp. V. Twombly**, 550 U.S. 544, 556 (2007) (abrogating the "no set of facts" language found in **Conley v. Gibson**, 355 U.S. 41 (1957)). "[A] plaintiff must 'nudge [her] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation omitted).

To state a claim under Title III of the ADA[2] a plaintiff must establish he or she is a "qualified individual with a disability." <u>Lanman v. Johnson County, Kan.</u>, 393 F.3d 1151, 1156 (10th Cir. 2004) (quoting 42 U.S.C. § 12112(a)). "A disability within the meaning of the ADA is, *inter alia,* 'a physical or mental impairment that substantially limits one or more of the major life activities' of an individual." <u>Robertson v. Las Animas County Sheriff's Dep't</u>. 500 F.3d 1185, 1193-94 (10th Cir. 2007) (quoting 42 U.S.C. 12102(2)(A)). Lewis' Complaint fails to allege that she is a "qualified person with a disability" or that she has a "physical or mental impairment that substantially limits one or more of the major life activities of an individual."

Lewis' claim also fails under Title III because her Complaint contains no allegations that would set her service dog apart from the ordinary pet. Provisions of the ADA define a service animal as:

> . . .any guide dog, signal dog, or other animal individually trained to do work or perform tasks for the benefit of an individual with a disability, including but not limited to, guiding individuals with impaired vision, alerting individuals with impaired hearing to intruders or sounds, providing protection or rescue work, pulling a wheelchair, or fetching dropped items. 28 C.F.R. §36.104.

---

[2]The ADA "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." <u>Tennessee v. Lane</u>, 541 U.S. 509, 516-17 (2004); 42 U.S.C. §12182(a).

There are no allegations of what type of a assistance the dog provides to Lewis or what type of training the dog may have received that would benefit "an individual with a disability." Thus, there are no allegations that Lewis' dog meets the requirements for a "service dog" under the ADA.

Lewis' Title III allegations against the Defendant also fails because her Complaint seeks only monetary damages. It is well established that money damages are not available in a private suit under Title III of the ADA. See Powell v. Nat'l Bd. of Medical Examiners, 364 F.3d 79, 86 (2d Cir.2004); Wander v. Kaus, 304 F.3d 856, 858 (9th Cir.2002); Woods v. Wills, 400 F.Supp.2d 1145, 1163 (E.D.Mo.2005); Molski v. Mandarin Touch Restaurant, 347 F.Supp.2d 860, 862 (C.D.Cal.2004); Gregory v. Otac, Inc., 247 F.Supp.2d 764, 770 (D.Md.2003); Riggs v. CUNA Mutual Ins. Soc'y, 171 F.Supp.2d 1210, 1214 (D.Kan.2001) aff'd 42 Fed.Appx. 334 (10th Cir.2002); Dahlberg v. Avis Rent A Car Sys., Inc., 92 F.Supp.2d 1091, 1100 (D.Colo.2000); Howard v. Cherry Hills Cutters, Inc., 935 F.Supp. 1148, 1149 (D.Colo.1996). Rather, the available remedies are only injunctive and preventative relief. 42 U.S.C. §§ 12188, 2000a-3(a). Since Plaintiff's claim for relief only seeks money damages, she has failed to state a claim for relief under Title III of the ADA.

Therefore, even affording Lewis' *pro se* Complaint a liberal construction, Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992), her Complaint is

deficient and subject to dismissal under Fed.R.Civ.P. 12(b)(6) for the reasons stated above. However, because Lewis may be able to cure some or all the problems in her Complaint, I recommend that the dismissal be without prejudice.

Finally, as to Co-Plaintiff Lady Brown Dog the Enforcer, neither the ADA nor any other civil rights statute confers upon an animal the right to bring a civil action. <u>Goss v. Fairfield Housing Authority</u>, 2006 WL 1272623, *4 (D. Conn. March 14, 2006). Accordingly, I recommend that claims brought on her behalf of Lady Brown Dog the Enforcer be dismissed with prejudice.

                                                    */s/ Richard L. Puglisi*
                                                    Richard L. Puglisi
                                              United States Magistrate Judge